**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID FREIFELD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIVE ORGANIC, INC.,<br><br>Defendant. | NO. 1:25-CV-09541<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

David Freifeld purchased wellness shots made by Vive Organic that claim to provide an "Immunity Boost." R. 1, Compl. ¶¶ 2, 13.[1] But Freifeld alleges that the shots cannot actually boost the immune system. *Id.* ¶ 22. So he brings a proposed class action on behalf of purchasers of the wellness shots, alleging that Vive Organic used false and deceptive advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (for short, the Fraud Act), 815 ILCS 505/1 *et seq.*, and similar consumer-fraud statutes in other states.[2] Compl. ¶¶ 35, 45–67. Freifeld also brings claims for breach of express warranty and unjust enrichment in violation

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]These states are Massachusetts (Mass. Gen. Laws ch. 93A, § 1 *et seq.*), Michigan (Mich. Comp. Laws § 445.901 *et seq.*), Minnesota (Minn. Stat. § 325F.67 *et seq.*), Missouri (Mo. Rev. Stat. § 407.010 *et seq.*), New Jersey (N.J. Stat. § 56:8-1 *et seq.*), New York (N.Y. Gen. Bus. Law § 349 *et seq.*), and Washington (Wash. Rev. Code § 19.86.010 *et seq.*).

of each state's laws.[3] *Id.* ¶¶ 68–88. Vive Organic moves to dismiss, arguing that Freifeld's claims are preempted by federal law and that he has failed to adequately allege the claims. R. 25, Def.'s Mot. Because Freifeld fails to state a claim, the motion is granted, although he is also granted leave to file an amended complaint.

## I. Background

In evaluating this motion to dismiss, the Court accepts as true the Complaint's factual allegations and draws all reasonable inferences in Freifeld's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Vive Organic creates, markets, and sells wellness shots featuring an "Immunity Boost" label on the packaging (see the below image for one example). Compl. ¶ 20; *id.* at 8.

[3]The Court has subject matter jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). There are more than 100 proposed class members. *See id.* § 1332(d)(5)(B); Compl. ¶ 38. Freifeld is a citizen of Illinois, Compl. ¶ 12, whereas Vive Organic is incorporated and has its principal place of business in California, *id.* ¶ 15. And the amount in controversy plausibly exceeds $5,000,000, given the large proposed class size and Freifeld's request for punitive damages. *Id.* ¶¶ 35, 51, 67.




Freifeld has purchased several different types of wellness shots sold by Vive Organic. Compl. ¶ 13. Freifeld alleges that he relied on the "Immunity Boost" claim when purchasing the wellness shots. *Id.* ¶ 14. He says that he paid a higher price for the shots than he otherwise would have paid if there had been no claimed "Immunity Boost"—and, indeed, he would not have bought the shots at all but for that claim. *Id.*

Freifeld now alleges that the wellness shots cannot actually boost a person's immunity. Compl. ¶ 22. He bases this conclusion on a Harvard Health Publishing report that describes the unproven nature of immunity-boosting claims, *id.* ¶¶ 23–26; R. 28, Def.'s Exh. A, Report, and a series of settlements between the Federal Trade Commission (known widely as the FTC) and companies that made immune-system

claims about their products, Compl. ¶¶ 27–31. Because he contends that the shots cannot offer the claimed "Immunity Boost," Freifeld files this proposed class action against Vive Organic, bringing claims for false and deceptive advertising, breach of express warranty, and unjust enrichment. Compl. ¶¶ 45–88.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task." *Iqbal*, 556 U.S. at 679. Claims alleging fraud must also satisfy the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b), but the Court does not address this requirement because, as described below, Freifeld fails to state a claim under Rule 8(a)(2).

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## III. Analysis

### A. Preemption

Vive Organic first argues that Freifeld's claims are preempted by the Food, Drug, and Cosmetic Act, as amended by the Nutrition Labeling and Education Act of 1990 (call it the Labeling Act for short), 21 U.S.C. § 343-1(a)(5). R. 27, Def.'s Br. at 3–7. As Freifeld points out, R. 38, Pl.'s Resp. at 6–7, preemption is an affirmative defense, *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010). Defendants bear the burden to prove an affirmative defense. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 645 (7th Cir. 2019). Thus, "[a]ffirmative defenses do not justify dismissal under Rule 12(b)(6). Moving for judgment on the pleadings under Rule 12(c) is the more appropriate way to address an affirmative defense." *Id.* (cleaned up). So Vive Organic has asserted its affirmative defense using the improper procedural vehicle. The Court will still evaluate the preemption argument, but

Freifeld's claims will only be dismissed if he has pleaded himself "out of court" by alleging (and thus admitting) the elements required for the defense. *Id*.

The Labeling Act provides that "no State or political subdivision of a State may directly or indirectly establish … any requirement respecting any claim of the type described in section 343(r)(1) of this title made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title." 21 U.S.C. § 343-1(a)(5). Thus, the Act expressly preempts any state law that imposes different requirements on food labels than Section 343(r) of the statute.[5] That section deems a food misbranded if its label "characterizes the relationship of any nutrient which is of the type required … to be in the label or labeling of the food to a disease or a health-related condition." 21 U.S.C. § 343(r)(1)(B). But nutrient-based labels are allowed for dietary supplements if the following requirements are met:

> (A) the statement claims a benefit related to a classical nutrient deficiency disease and discloses the prevalence of such disease in the United States, describes the role of a nutrient or dietary ingredient intended to affect the structure or function in humans, characterizes the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function, or describes general well-being from consumption of a nutrient or dietary ingredient,
>
> (B) the manufacturer of the dietary supplement has substantiation that such statement is truthful and not misleading, and

[5] 21 U.S.C. § 343-1(a)(5) includes an exception for "a requirement respecting a claim made in the label or labeling of food which is exempt under section 343(r)(5)(B) of this title." This exception, concerning "food which is served in restaurants or other establishments in which food is served for immediate human consumption," does not apply here. 21 U.S.C. § 343(r)(5)(B).

> (C) the statement contains, prominently displayed and in boldface type, the following: "This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease."

21 U.S.C. § 343(r)(6).

The parties agree that Vive Organic's wellness shots are dietary supplements, so the "Immunity Boost" claim is covered by this subsection of the Labeling Act. Def.'s Br. at 4; Pl.'s Resp. at 8; *see* 21 U.S.C. § 343(r)(6). The question is whether the "Immunity Boost" claim meets the three statutory elements and is thus permitted under the Labeling Act. If it is, then any state law that prohibits the claim would impose a non-identical requirement from the federal law and would be preempted. *See Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 484 (7th Cir. 2020) (explaining that the Labeling Act preempts any state law claim alleging that a federally protected statement is deceptive). To repeat, however, for Vive Organic to succeed on its affirmative defense at the pleading stage, it must show that Freifeld pleaded himself out of court. *Benson*, 944 F.3d at 645. So Vive Organic can only succeed if—taking all allegations in the Complaint in the light most favorable to Freifeld—the Complaint shows that the "Immunity Boost" claim complies with the three elements of Section 343(r)(6).

The parties focus on whether the Complaint supports the first element. *See* Def.'s Br. at 5–7; Pl.'s Resp. at 7–10. This element permits so-called "structure/function claims," which "describe[] the role of a nutrient or dietary ingredient intended to affect the structure or function in humans" or "characterize[] the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or

function." 21 U.S.C. § 343(r)(6)(A); *see Dervin v. NBTY, Inc.*, 607 F. Supp. 3d 831, 835 (N.D. Ill. 2022). But the Labeling Act prohibits "disease claims," which "claim to diagnose, mitigate, treat, cure, or prevent *a specific disease* or class of diseases." 21 U.S.C. § 343(r)(6) (emphasis added); *see* 21 C.F.R. § 101.93(g). Vive Organic argues that "Immunity Boost" is a structure/function claim because it is akin to claiming that the wellness shots "strengthen" or "support" the immune system, and the Food and Drug Administration has endorsed claims like that (so long as the label does not refer to any disease). Def.'s Br. at 5–7; *see* Regulations on Statements Made for Dietary Supplements Concerning the Effect of the Product on the Structure or Function of the Body, 65 Fed. Reg. 1000, 1028–29 (Jan. 6, 2000). Freifeld responds that a claim to "boost" immunity goes beyond the language endorsed by the Food and Drug Administration, so "Immunity Boost" is not a permitted structure/function claim, and Vive Organic cannot meet the first element. Pl.'s Resp. at 8–10.

But the Court need not decide this issue. Even if the Complaint does support the first requirement for preemption, Freifeld did not plead himself out of court because no allegation addresses the second requirement of preemption.[6] In particular (and not surprisingly), Freifeld does not allege that Vive Organic has substantiation that the "Immunity Boost" claim is "truthful and not misleading." *See* 21 U.S.C.

[6]The third requirement for preemption—that is, the required disclaimer, *see* 21 U.S.C. § 343(r)(6)(C)—also does not appear in the Complaint's images of the products' packaging, *see* Compl. at 2, 7–8. But Freifeld does not make this argument in his brief, *see generally* Pl.'s Resp., probably because the wellness shots contain the required disclaimer somewhere on their packaging.

§ 343(r)(6)(B). Indeed, the Complaint repeatedly alleges the opposite. The Complaint cites a report that asserts that "there are no scientifically proven direct links between diet or lifestyle and enhanced immune function" and that "there is no evidence that taking extra amounts of any vitamin will boost the immune response." Compl. ¶¶ 23, 25. Freifeld further alleges that the "Immunity Boost" claim is misleading. *Id.* ¶ 5. Thus, the Complaint does not support—in fact, it directly opposes—the notion that Vive Organic has substantiation for its "Immunity Boost" claim. The Court acknowledges that Freifeld does not specifically contest the second element of Section 343(r)(6) in his response brief, but he does argue that there is no evidence to support the "Immunity Boost" claim, *see* Pl.'s Resp. at 1–4, 10–11, which amounts to an argument that Vive Organic does not meet the substantiation requirement. Because the Complaint does not show that the "Immunity Boost" claim meets this requirement to trigger preemption, Vive Organic has not shown that the immunity assertion is protected by the Labeling Act. Freifeld's state law claims are thus not preempted.

As described next, however, the Court dismisses the Complaint for failure to state a claim, though the dismissal is without prejudice for now. If Freifeld files an amended complaint that makes it past the pleading stage, then Vive Organic can raise this preemption argument at summary judgment if discovery warrants it. (Although Vive Organic could assert preemption in a motion for judgment on the pleadings under Civil Rule 12(c), because the particular affirmative defense that Vive Organic asserts is highly fact-dependent, judgment on the pleadings would likely be inappropriate.) Specifically, the Court may consider a request from Vive Organic to

conduct targeted discovery on preemption and file an early summary judgment motion on this issue (but it is not crystal clear that that would be the most efficient way forward).

**B. Failure to State a Claim**

Vive Organic alternatively argues that Freifeld fails to state a claim for false or deceptive advertising under the Fraud Act, breach of express warranty, or unjust enrichment. Def.'s Br. at 7–14. The Court addresses each claim in turn.

**1. The Fraud Act**

Freifeld alleges that Vive Organic violated the Fraud Act by knowingly mislabeling the shots with the "Immunity Boost" claim. Compl. ¶¶ 53–67. To plausibly state a fraud-based claim under the Act, Freifeld must allege that: (1) Vive Organic committed a deceptive act or practice; (2) that the deceptive act or practice occurred in the course of conduct involving trade or commerce; (3) Vive Organic intended that Freifeld rely on the deception; and (4) the deceptive act caused Freifeld actual damages. *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018). Vive Organic argues that Freifeld has not satisfied the first element because he has not plausibly alleged that the "Immunity Boost" claim is actually false. Def.'s Br. at 7–13.

Illinois law differentiates between actual falsity and lack of substantiation. *See Gredell v. Wyeth Lab'ys, Inc.*, 854 N.E.2d 752, 756 (Ill. App. Ct. 2006). Not surprisingly, affixing a label on food or consumable products with *false* information is always deceptive. *See* 815 ILCS 505/2 (identifying "false promise" as an unlawful deceptive

practice). But "a lack of substantiation is deceptive only when the … claim at issue implies that there is substantiation for the claim made." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 939 n.2 (7th Cir. 2001). The Complaint does not allege that Vive Organic implied that there was substantiation for its "Immunity Boost" claim on the wellness shots' packaging, *see generally* Compl., so Freifeld cannot advance an argument based on lack of substantiation (at least in this round of pleading). Instead, he must plausibly allege that the "Immunity Boost" claim is actually false.

In the Complaint, Freifeld repeatedly alleges that the "Immunity Boost" claim is false because products like Vive Organic's wellness shots cannot boost immunity. Compl. ¶ 22. But this is a mere conclusion, and conclusory allegations must be supported by factual claims. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). So to support the allegation, the Complaint relies on two sources: a report published by Harvard Health Publishing and a series of settlements between the FTC and companies that sell supplements. Compl. ¶¶ 22–31; Report.

But the Harvard Health Publishing report does not state that boosting immunity is impossible, that is, the report does not say that an assertion of immunity boosting must be categorically false. Instead, it merely notes that there is no evidence that boosting immunity is possible:

- "The idea of boosting your immune system is enticing, but the ability to do so has proved elusive for several reasons." Report at 26.[7]

[7]Page citations to the report are based on the original pagination of the article, not the PDF page numbers.

- "For now, there are no scientifically proven direct links between diet or lifestyle and enhanced immune function." *Id.*

- "So far, there is no evidence that taking extra amounts of any vitamin will boost the immune response or protect against infection in any way." *Id.* at 28.

- "[I]t is an unwarranted stretch of logic to claim that ingesting more of these vitamins will translate into better immune function. There isn't any evidence-based science behind the concept of 'boosting' immunity beyond what our finely tuned immune system already provides." *Id.*

What's more, several statements from the report could be read to suggest that it *is* possible for supplements to boost the immune system. Immediately after describing evidence of boosting immunity as "elusive," the report states: "But that doesn't mean diet or lifestyle have no effect. … Although interesting results are emerging, thus far they can only be considered preliminary." *Id.* at 26. The report also notes that "a few [herbal] preparations have been found to alter some components of immune function." *Id.* at 29. At best, then, the report supports a claim that "Immunity Boost" lacks substantiation, not that it is false. So the report is insufficient to support Freifeld's allegation of actual falsity. *See Spector v. Mondelēz Int'l, Inc.*, 178 F. Supp. 3d 657, 665 (N.D. Ill. 2016) (explaining a failure to allege actual falsity where plaintiff "pleaded *no* facts … showing that the [p]roducts do *not* provide 'nutritious steady energy' as promised" (emphasis in original)).

Vive Organic also points out other problems with the report. For instance, the report was published in 2010, making it over 15 years old. Def's Br. at 9; Report at

3.[8] And the report summarizes the state of research on boosting the immune system without citing to any specific studies. Def's Br. at 9; *see generally* Report. These factors alone are not dispositive, given the Court's responsibility to construe factual allegations in the light most favorable to the plaintiff. If the report clearly stated that immunity boosting is impossible, then it would likely support a plausible allegation of falsity despite the report's age and lack of specific citations. But these factors do show that the report offers weak support for Freifeld's allegation that the "Immunity Boost" label is false.

Vive Organic also argues that the report is not relevant because it centers on the immune system's ability to combat disease, and as discussed earlier in the Opinion, Vive Organic does not believe that "Immunity Boost" is a disease claim. Def.'s Br. at 10–11. Because this issue is not dispositive for whether the claim is false, and the Court has already rejected Vive Organic's preemption argument, the Court declines to decide at this stage whether "Immunity Boost" is a disease claim or a structure/function claim. But it is possible that Freifeld could convincingly argue that "Immunity Boost" is a disease claim, at least when the allegations are construed in his favor at the pleading stage. Although "Immunity Boost" does not reference a specific disease, it does carry a disease-fighting connotation. After all, immunity generally means protection against a specific force; in the context of the human body, the term

[8]This citation is to the PDF page number of the exhibit.

suggests protection against disease. Thus, the report's focus on disease is not an independent reason why it cannot support Freifeld's falsity allegations.[9]

The FTC settlements also cannot support Freifeld's allegations. In the Complaint, Freifeld references a number of companies that have entered into settlements with the FTC for products claiming positive effects on the immune system. Compl. ¶¶ 27–31. Freifeld argues that those settlements show the products' labels were false, supporting his allegation that Vive Organic's "Immunity Boost" claim is false, too.

Reliance on the settlements is not a firm foundation on which to adequately plead a claim. As an initial matter, settlements do not "vindicate a plaintiff's theory of liability." *Apex Mortg. Corp. v. Great N. Ins. Co.*, 972 F.3d 892, 898 (7th Cir. 2020). Indeed, Federal Rule of Evidence 408 generally bars the use of settlements as evidence of the merits of the underlying claim. Fed. R. Evid. 408(a)(1). It is true, of course, that Rule 408 does not apply to pleadings, and it is possible for inadmissible evidence to lend plausibility to allegations. *See McMurray v. Improvenet, Inc.*, 2001 WL 561376, at *4–5 (N.D. Ill. May 22, 2001). But here, the six FTC settlements arose

[9]The Court also notes that the Food and Drug Administration's guidance on the difference between structure/function and disease claims is not ironclad or binding. *See Safeco Ins./Liberty Mut. Sur. v. Dir., Off. Of Workers' Comp. Programs, U.S. Dep't of Lab.*, 103 F.4th 1285, 1289 (7th Cir. 2024) ("Regulatory preambles lack the force of law …."). So it is possible that even the endorsed verbiage—like "support" or "strengthen" immunity—could be false and thus not permitted under the Labeling Act. It is also possible that "boost" is a false claim even if the other verbiage is not. For instance, perhaps there is evidence that certain ingredients can "support" or "strengthen" the immune system of an individual with immunity deficiencies, but that it is impossible to "boost" immunity beyond the capacity of a regular immune system. These are the sorts of allegations—with factual support—that might allow Freifeld to plausibly state a claim in an amended complaint.

from different factual settings and different dietary supplements over a two-year time period, the most recent from around 15 years ago. Compl. ¶¶ 27–30. Even if the settlements raise an inference that the labels lacked substantiation, they do not support the allegation that *Vive Organic*'s shots do not boost immunity. One of the cited press releases is irrelevant because it does not mention immunity-boosting claims at all. *Id.* ¶ 27(a).[10] The remaining press releases characterize immunity-related claims as unsupported by evidence rather than false. *Id.* ¶ 27(b), 28–30.[11] And Freifeld offers no citation for the proposition that the FTC views *all* immunity-boosting claims as categorically false. So the FTC settlements do not lend much plausibility to the

[10]Fed. Trade Comm'n, Makers of Airborne Settle FTC Charges of Deceptive Advertising; Agreement Brings Total Settlement Funds to $30 Million (2008), https://www.ftc.gov/news-events/news/press-releases/2008/08/makers-airborne-settle-ftc-charges-deceptive-advertising-agreement-brings-total-settlement-funds-30.

[11]See Fed. Trade Comm'n, Rite Aid to Pay $500,000 in Consumer Refunds to Settle FTC Charges of False and Deceptive Advertising (2009), https://www.ftc.gov/news-events/news/press-releases/2009/07/rite-aid-pay-500000-consumer-refunds-settle-ftc-charges-false-deceptive-advertising (claiming that there was "inadequate evidence" that Rite Aid's product could boost immune systems); Fed. Trade Comm'n, CVS to Pay Nearly $2.8 Million in Consumer Refunds to Settle FTC Charges of Unsubstantiated Advertising of AirShield 'Immune Boosting' Supplement (2009), https://www.ftc.gov/news-events/news/press-releases/2009/09/cvs-pay-nearly-28-million-consumer-refunds-settle-ftc-charges-unsubstantiated-advertising-airshield (alleging that CVS had "no evidence" that its product could boost immune systems, in contrast to its description of cold-fighting claims as "false"); Fed. Trade Comm'n, Walgreens Will Pay Nearly $6 Million to Settle FTC Deceptive Advertising Charges, https://www.ftc.gov/news-events/news/press-releases/2010/03/walgreens-will-pay-nearly-6-million-settle-ftc-deceptive-advertising-charges (2010) (describing Walgreens's immune-system claims as "baseless"); Fed. Trade Comm'n, FTC Investigation of Ad Claims that Rice Krispies Benefits Children's Immunity Leads to Stronger Order Against Kellogg (2010), https://www.ftc.gov/news-events/news/press-releases/2010/06/ftc-investigation-ad-claims-rice-krispies-benefits-childrens-immunity-leads-stronger-order-against (imposing restrictions on Kellogg because of its "questionable" immune claims, in comparison to "false" cognitive-health claims).

allegations here. Thus, like the Harvard report, at most the settlements support a claim that "Immunity Boost" lacks substantiation, but not that it is false.

To support his claim, Freifeld's response brief cites other publications from medical professionals that purportedly say that the immune system cannot be boosted. *See* Pl.'s Resp. at 1–3. But when considering a motion to dismiss, courts generally do not look beyond the "four corners of the complaint." *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995). There are exceptions: courts may consider "documents that are central to the complaint and are referred to in it." *Williamson v. Curan*, 714 F.3d 432, 436 (7th Cir. 2013). Thus, the Court has considered the Harvard report and the press releases because they are central to and referenced in Freifeld's Complaint. But the additional sources introduced in his response brief were not referenced in the Complaint and thus cannot be considered to support his falsity allegations.

Freifeld offers no other supporting factual allegations in the Complaint. For instance, he does not cite any studies that tested the ingredients in Vive Organic's wellness shots and found them to have no effect on the immune system. *See generally* Compl. Nor does he allege that he used the wellness shots but did not experience an immunity boost. *See generally id.* Allegations like that might still not be enough. *See Spector*, 178 F. Supp. 3d at 665. Because he fails to plausibly allege the first element of a claim under the Fraud Act, Freifeld fails to adequately state a falsity claim.

Vive Organic argues that Freifeld's claims for violations of other state consumer-fraud statutes likewise fail because those statutes also require a showing of a

deceptive act or practice. Def.'s Br. at 7. The Court need not address the other state statutes because Freifeld's claims are dismissed, so the claims of other proposed class members must also be dismissed (though without prejudice for now). *See Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 425 (7th Cir. 2011) ("Only after a class is certified can the suit survive dismissal of the named plaintiff's claim.").

**2. Breach of Express Warranty**

Freifeld also alleges that Vive Organic breached an express warranty in violation of Illinois law. Compl. ¶¶ 68–80. To plausibly state a breach of express warranty claim, a "plaintiff must show a breach of an affirmation of fact or promise that was made a part of the basis of the bargain." *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 634 (Ill. App. Ct. 2001). Freifeld says that the wellness shots' packaging affirmed that they possessed immunity-boosting qualities, Compl. ¶ 72, and that Vive Organic breached this affirmation because the shots did not possess such qualities, *id.* ¶ 74. But as just described, Freifeld fails to plausibly allege that the shots did not possess immunity-boosting qualities. Thus, Freifeld fails to adequately state this claim. *See Spector*, 178 F. Supp. 3d at 674.

**3. Unjust Enrichment**

Finally, Freifeld alleges that Vive Organic engaged in unjust enrichment. Compl. ¶¶ 81–88. To plausibly state an unjust-enrichment claim, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon*

*Hospital, Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). Freifeld claims that Vive Organic unjustly retained a benefit by charging a premium price for a product that lacked its premium feature: immunity-boosting qualities. Compl. ¶ 87. But again, Freifeld fails to plead adequate factual allegations to support his claim that the shots did not possess immunity-boosting qualities. Thus, Freifeld fails to adequately state this claim. *See Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) ("[W]here the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent *claim* of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well." (emphasis in original)).

**IV. Conclusion**

Vive Organic's motion to dismiss, R. 25, is granted. But because this was Freifeld's first complaint, the dismissal is without prejudice. Freifeld is granted leave to file an amended complaint by September 18, 2026.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 4, 2026